Filed 3/2/15  P. v. Becerra CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075952 |
| Plaintiff and Respondent, | (Super. Ct. No. SF126151A) |
| v. | |
| ISAIAS JEROME BECERRA, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

On November 19, 2013, defendant Isaias Jerome Becerra was found driving a stolen vehicle. The steering column was broken and there was no key in the ignition. Defendant did not have the owner's permission to drive the car.[1]

A complaint charged defendant with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and receiving stolen property, a motor vehicle (Pen. Code, § 496d, subd. (a)).[2] Defendant pleaded guilty to taking a vehicle without the owner's consent. The remaining counts were dismissed on the People's motion.

The trial court sentenced defendant in accordance with the plea to the upper term of three years and awarded defendant 116 days of presentence custody credit. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4), a $30 administration fee, a $300 parole revocation fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), and a $4 traffic fee. The trial court granted defendant's request for a certificate of probable cause challenging the validity of his plea.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] This is the stated factual basis for the plea, to which the parties stipulated.

[2] Undesignated statutory references are to the Penal Code.

DISPOSITION

The judgment is affirmed.

       HULL       , Acting P. J.

We concur:

       MAURO       , J.

       DUARTE       , J.